**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HEATHER MCEACHERN BESING
and RAY G. BESING,

Plaintiffs-Appellants,

v.

AMERICA WEST HOLDINGS
CORPORATION INC. and
CONNECTICUT GENERAL LIFE
INSURANCE COMPANY,

Defendants-Appellees.

No. 00-2024
(D.C. No. CIV-99-757-SC)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This appeal is taken from the district court's judgment granting defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiffs' complaint for damages and injunctive relief under the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. §§ 1001-1461. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of a motion filed pursuant to Fed. R. Civ. P. 12(b)(6) de novo. See Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). Well-pleaded factual allegations in the amended complaint are taken as true and considered in the light most favorable to the nonmoving party. See id. However, we need not accept mere conclusions characterizing pleaded facts or "unwarranted inferences drawn from the fact or footless conclusions of law predicted upon them." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990) (quotation omitted). Dismissal for failure to state a claim is proper only where after accepting plaintiffs' factual allegations as true, they can prove no set of facts in support of their claim entitling them to relief. See Leonhardt v. W. Sugar Co., 160 F.3d 631, 634 (10th Cir. 1998).

Plaintiffs have raised six issues on appeal. The first four are essentially the same, i.e., whether the district court erred in dismissing their complaint alleging violations of ERISA because defendant America West, Mrs. Besing's former

employer, changed health care plans following Mrs. Besing's retirement, at a time when the plaintiffs enjoyed continuation coverage under the Consolidated Omnibus Reconciliation Act of 1985 (COBRA), 29 U.S.C. §§ 1161-1169.

It is plaintiffs' position in this court, as it was before the district court, that an employer may not change health care benefit plans during COBRA coverage from the precise coverage provided and elected for continuation at the onset of a "qualifying event" (here, Mrs. Besing's retirement). They rely exclusively on South Central United Food & Commercial Workers Union & Employers Health & Welfare Trust v. AppleTree Markets, Inc. (In re AppleTree Markets, Inc.), 19 F.3d 969 (5th Cir. 1994). As the district court pointed out, AppleTree involved a dispute between a company reorganized under Chapter 11 (AppleTree) and the company's former multi-employer health plan (UFCW) as to which entity was responsible for covering the cost of the COBRA benefits. After reorganizing, AppleTree established its own health plan, but just for its active, not former, employees. The court found that as the plan sponsor of the group health plan, UFCW was responsible for providing continuation coverage for AppleTree's COBRA employees. See id. at 971-72. Here, America West's employees were previously covered by a preferred provider organization (PPO) health plan until early 1999, when America West switched its health benefits to a point of service (POS) plan, with a different type of coverage.

As the district court correctly noted, ERISA requires that if coverage is modified under a plan for any group of similarly situated beneficiaries, coverage must also be modified in the same way for all individuals qualified under the plan under COBRA in connection with the group. See 29 U.S.C. § 1162(1). Thus, when America West changed coverage of its active employees to the new POS plan, it was obligated to do so for its COBRA beneficiaries as well. This is not a case of an employer changing from no plan to a new one or from a multi-employer plan to a single-employer plan as in AppleTree.

The last two issues raised are (1) whether defendants were not entitled to modify or terminate coverage because they failed to issue a revised Summary Plan Description as required by 29 U.S.C. §§ 1022 and 1024, and did not provide the occurrence of one of the events listed in 29 U.S.C. § 1162(2), and (2) whether the district court erred in failing to determine that on February 3, 1999, the Department of Treasury had finalized its 1987 proposed regulations construing COBRA continuation coverage. See Appellant's Opening Br. at 4. Notwithstanding plaintiffs' claims to the contrary, these issues were not raised in the district court and we decline to consider them for the first time on appeal. See Scott v. Hern, 216 F.3d 897, 908 n.5 (10th Cir. 2000).

We further determine that although mistaken in their understanding of ERISA and the holding of AppleTree, plaintiffs have not acted in bad faith in

-4-

bringing this appeal. Accordingly, we deny defendants' motion for attorneys' fees and costs as a sanction.

For those and the reasons stated by the district court in its Memorandum Opinion and Order of December 27, 1999, the judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge